<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YANILDA A. TORO,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA<br><br>  Defendant. | Civil Action No. 24-201 (SDW)(CLW)<br><br>**WHEREAS OPINION**<br><br>July 10, 2024 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Yanilda Toro's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application") (D.E. 1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still

comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted).  Factual allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The factual allegations in a complaint are generally accepted as true, but legal conclusions are not.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp.*, 550 U.S. at 555; and

      **WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendant Bank of America violated her rights.  *Iqbal*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2).  Plaintiff's allegations that Bank of America failed to inform her that a check she cashed in 2007 was fraudulent, and that Bank of America is liable for her losses and injuries, in the amount of $900 zillion, in relation to her cashing a fraudulent check, are not accepted as true, and she has not presented facts to support those claims.  *See Iqbal*, 556 U.S. at 678.  Without more, these allegations fail to state a claim upon which relief may be granted; and

      **WHEREAS** Plaintiff's IFP application indicates that Plaintiff receives a monthly income of approximately $6,790, most of which is from disability payments, and has $1,904 in her bank account. (D.E. 1-2 at 1–2.)  Plaintiff represents to have $600 in monthly expenses, including $200 for food and $400 for clothing, but fails to attach a detailed statement in support of her reported expenses. (*Id.* at 4–5.); therefore

Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff shall have thirty (30) days to file an amended Complaint and re-submit an IFP application with supportive documentation.  Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice.  An appropriate order follows.

      /s/ Susan D. Wigenton
   **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
     Parties